**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DISTRICT**

| | |
|---|---|
| JANET CAYSON | PLAINTIFF |
| V. | CASE NO. 1:04CV216 |
| MART SYSTEMS, INC., d/b/a BONANZA STEAKHOUSE; GREG BELL; MARSHALL COTTON; and JOHN MASON | DEFENDANTS |

### MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion to dismiss and/or for partial summary judgment [11-1]. The Court has read the briefs and exhibits and is prepared to rule.

The plaintiff is Janet Cayson, a Mississippi resident and former employee of a Bonanza Steakhouse in Tupelo, Mississippi. The defendants include Mart Systems, Inc. (the parent company of Bonanza Steakhouse) and three individual Bonanza employees: Greg Bell, Marshall Cotton, and John Mason. Bell was Cayson's manager at the Tupelo Bonanza, while Cotton and Mason are apparently the Vice-President and President, respectively, of New Mart. On July 14, 2004, Cayson filed this suit against the defendants alleging violations of her federal civil rights under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and under 42 U.S.C. § 1981, as well as various state law claims. All of Cayson's claims arise from alleged sexual harassment of her by defendant Bell, and from the failure of Mart Systems, Cotton and Mason[1] to intervene and prevent this harassment. The complaint also alleges that Cayson was terminated from Bonanza after reporting Bell's harassment of her and other alleged sexual improprieties she witnessed while

---

[1]Cotton and Mason held supervisory positions over Bell.

working at Bonanza.

New Mart, Cotton and Mason jointly seek dismissal and/or partial summary judgment on the following claims: (1) Cayson's claims against the individual defendants under Title VII, (2) Cayson's § 1981 claims against all three defendants, (3) Cayson's retaliatory discharge claims under both Title VII and § 1981, and (4) Cayson's state law claims against the individual defendants for malicious interference with contract and intentional infliction of emotional distress. With regard to the last two claims, the defendants argue that Cayson's retaliatory discharge claims and state law claims are barred by the preclusive effect of the final, unappealed administrative decision of the Mississippi Employment Security Commission ("MESC"), which concluded that Cayson was actually fired for insubordination, rather than in retaliation for reporting sexual harassment.

Cayson concedes her Title VII claims against the individual defendants, although she maintains (and the defendants seem to agree, for summary judgment purposes) that she can impute their harassment liability to the corporate defendant under a respondeat superior theory. Cayson also concedes her claim under § 1981 which she states was included due to a clerical error. In its reply brief, the defendants also concede that retaliatory discharge claims under Title VII fall into an exception to the general rule which applies res judicata principles to unappealed administrative hearings. Thus, the only issue still before the Court on this motion is whether Cayson's state law claims are precluded by the findings of the MESC.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue

of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

This Court is obligated to give a state agency's findings of fact the same preclusive effect that it would to a state court decision in any situation where the agency is acting in a judicial capacity and offers the parties a fair chance to litigate. Stafford v. True Temper Sports, 123 F.3d 291, 294 (5th Cir. 1997). Under Mississippi law, the judgment of an administrative hearing will have a preclusive effect if four criteria are met: (1) a party must seek to relitigate a certain issue, (2) the issue must have already been litigated, (3) the issue must have been actually determined in the prior litigation, and (4) the determination of the issue must have been essential to the prior action. Stafford, 123 F.3d at 295. Administrative hearings do not have a preclusive effect on claims such as Cayson's Title VII claim, however, because "if Congress manifests an intent, pursuant to statutory scheme, that state administrative decisions have no preclusive effect, collateral estoppel is not to be applied." Id.

The parties appear to agree that Title VII claims fall within the Stafford exception, but disagree on whether res judicata bars Cayson's state law claims. Applying the Fifth Circuit's reasoning to the remaining claims, it is clear that Cayson litigated the issue of why she was terminated before the MESC and that the MESC determined that she was fired for insubordination. Furthermore, the MESC's determination was essential to the purpose of the hearing itself. The Court

3

therefore concludes that res judicata applies to Cayson's state law claims and that, for summary judgment purposes, Cayson is precluded from relitigating the issue of why she was fired.

In order to prove malicious interference with employment under Mississippi law, Cayson must demonstrate that the defendants performed an act: (1) which was intentional and willful, (2) which was calculated to cause her damage in her lawful business, (3) which was done with the unlawful purpose of causing her damage or loss, without right or justifiable cause on the part of the defendant, and (4) which resulted in actual damage or loss. McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 975 (Miss. 2001). The Court agrees with the defendants that the MESC's determination that Cayson was terminated for insubordination is fatal to this claim, as the individual defendants' actions cannot be viewed as being unlawful without relitigation of the reason for the termination.

With regard to intentional infliction of emotional distress, Mississippi has adopted the delineation found in the Restatement (Second) of Torts:

> One who by extreme or outrageous conduct intentionally and recklessly causes severe emotional distress to another is subject to liability for such emotional distress. . . . [G]enerally, the case is one in which the recitation of the fact to an average member of the community would arouse as a resentment against the actor, and lead him to exclaim, "outrageous." The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.

Pegues v. Emerson Electric Co., 913 F.Supp. 976, 982 (N.D. Miss. 1996)(quoting Restatement (Second) of Torts § 46, cmt. d). See also Morrison v. Means, 680 So.2d 803, 805-06 (Miss. 1996)(interpreting prior cases in light of Restatement (Second) § 46). The Court agrees with the defendants that, to the extent that this claim arises solely from Cayson's termination, the MESC ruling is fatal to the claim. To the extent that Cayson's intentional infliction of emotional distress

4

claim arises from conduct by the individual defendants other than those surrounding her termination, they are not barred by res judicata.

In conclusion, based on the foregoing analysis, it is ORDERED that the defendants' motion for summary judgment is GRANTED with regard to (1) Cayson's claims against the individual defendants under Title VII; (2) Cayson's § 1981 claims against all three defendants, (3) Cayson's state law claims against the individual defendants for malicious interference with contract, and (4) Cayson's state law claims against the individual defendants for intentional infliction of emotional distress to the extent that such claims arise solely from her termination. The motion is DENIED as to (1) Cayson's retaliatory discharge claims under Title VII and (2) Cayson's state law claims against the individual defendants for intentional infliction of emotional distress whic arise from actions other than those resulting in her termination. A separate order to that effect shall issue this day.

This is the 2nd day of June, 2005.

       **/s/ Michael P. Mills**
       **UNITED STATES DISTRICT JUDGE**